411 A.2d 493

**COMMONWEALTH of Pennsylvania**

v.

**Leonard EDWARDS, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 12, 1979.

Decided Dec. 21, 1979.

Reconsideration or Remand or Reargument Denied
March 6, 1980.

John Paul Curran, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Div., Asst. Dist. Atty., Neil Kitrosser, Asst. Dist. Atty., Philadelphia County, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN and FLAHERTY, JJ.

## OPINION

LARSEN, Justice.

Appellant, Leonard Edwards, was convicted by a jury of murder of the first degree, possessing instruments of crime and related weapons charges, and aggravated assault. Following the denial of appellant's post-verdict motions, a sentence of death was imposed for the murder of the first degree conviction in accordance with the jury's findings. This appeal follows,[1] in which appellant raises the following issues:

1) that the trial court erred when it denied defense counsel's request to recall appellant to the witness stand;

2) that appellant was denied his constitutional right to a trial by a jury of his peers because the assistant district attorney utilized some of her peremptory challenges to exclude black persons from the jury;

3) that appellant was denied his constitutional right to a trial by a jury of his peers when those opposed to the death penalty were excluded for cause from the jury;

---

1. The appeal from the judgment of sentence imposed for the murder conviction was filed in this Court. An appeal from the judgments of sentence imposed on the other convictions was filed in the Superior Court and certified to this Court.

4) that appellant should be discharged because he was not brought to trial within 180 days of his arrest as required by Rule 1100 of the Pennsylvania Rules of Criminal Procedure;

5) that appellant was unfairly prejudiced by statements made by the district attorney in her opening address to the jury;

6) that appellant was denied his right to effective assistance of counsel at a lineup, and therefore the introduction at trial of evidence of the lineup identification and of a photograph of the lineup requires that his conviction be reversed.

We find these contentions to be either without merit or waived.

■ The sentence of death imposed for the murder of the first degree conviction is vacated and a sentence of life imprisonment is substituted therefore. The statute authorizing the death sentence was declared unconstitutional by this Court in *Commonwealth v. Moody*, 476 Pa. 223, 382 A.2d 442 (1977), *cert. denied*, 438 U.S. 917, 98 S.Ct. 3143, 57 L.Ed.2d 1160 (1978). The judgments of sentence imposed for the other convictions are affirmed.

MANDERINO, J., did not participate in the consideration or decision of this case.